UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
19-10180-LTS

UNITED STATES OF AMERICA

v.

JONATHAN BERMUDEZ

**MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S
EMERGENCY MOTION TO RECONSIDER PRE-TRIAL RELEASE**

April 17, 2020

DEIN, U.S.M.J.

### I. BACKGROUND

The defendant is charged with conspiracy to distribute and possess with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 846, and three substantive counts of distribution of 40 grams or more of fentanyl, in violation of 21 U.S.C. § 841.  An evidentiary detention hearing was held on May 1, 2019, after which this court found that the government had met its burden of proving by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of the community, and had met its burden of proving by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.  (Docket No. 29).  The court found that the evidence that the defendant was engaged in a sophisticated drug trafficking venture appeared to be strong, and was supported by a confidential informant, sales to an undercover police officer, and audio recordings.  This court's order of detention (Docket No. 29) is incorporated herein by reference.

The defendant has had extensive prior involvement with the law, including drug charges, assault and battery charges for which he has been incarcerated, and several serious charges of violating an abuse prevention order. The defendant is presently being held at the Plymouth County Correctional Facility. His trial, which was originally scheduled to begin on May 26, 2020, was continued to July 20, 2020.

This matter is before the court on "Defendant's Emergency Motion to Reconsider Pretrial Release on Conditions Based on Changed Circumstances and COVID-19 Pandemic" (Docket No. 109) ("Motion for Release"). The changed circumstance is the Covid-19 Pandemic, and the risk of it spreading at the correctional institution. The defendant has no unique vulnerabilities to COVID-19 which places him more at risk than the general population. The defendant proposes being released to live with his girlfriend, Tiffany Harris, with whom he has a young child. Ms. Harris' two other young children live there as well, and Mr. Bermudez's 3 year old child from another relationship also visits there. Ms. Harris' parents also live at the same residence. During the detention hearing, there was evidence that the defendant involved Ms. Harris in helping consummate a drug sale that had been interrupted by his arrest.

After due consideration of all the pleadings, the Motion for Release is DENIED.

## II.  DISCUSSION

This court does not minimize the significance of the COVID-19 pandemic, and recognizes the potentially dangerous situation that could exist if the condition spread through the prison population. The decision to keep the defendant in detention is not made lightly. However, the evidence before this court is that there have not been any positive cases of COVID-19 in the prison population at Plymouth, and there is no indication that the defendant has come into

contact with anyone who has been affected by the coronavirus. As detailed in the government's Opposition, Plymouth has undertaken various precautions to ensure the safety of its population. See Docket No. 112.

The factors that originally led this court to conclude that release on conditions was not warranted have not changed. The defendant engaged in a sophisticated drug trafficking business involving fentanyl, a highly-addictive and very dangerous drug. He engaged in such behavior despite his apparent commitment to his girlfriend and his children. He faces a lengthy period of incarceration, including charges calling for a 5 year and 10 year mandatory minimum sentence. While this court is mindful of the dangers posed by the COVID-19 public health crisis in custodial settlings, the defendant has not indicated that he has any particularized medical condition or status warranting his preferential release at this time.

Finally, while not binding on the federal court, this court has reviewed the recent decision of the Massachusetts Supreme Judicial Court ("SJC") in Committee for Public Counsel Services v. Chief Justice of the Trial Court, No. SJC-12926, 2020 WL 1659939 (Mass. April 3, 2020). Therein, the SJC concluded that the COVID-19 pandemic constitutes a "changed circumstance" entitling pre-trial detainees to reconsideration of their detention decisions. The SJC concluded that in light of the pandemic, and the need to decrease exposure in correctional institutions, certain individuals being detained pre-trial, who have not been charged with an "excludable offense" as enumerated in Appendix A to the decision, are entitled to "a rebuttable presumption of release." Id. at *2. Significantly, the defendant would not be entitled to such a presumption of release as he has been charged with the "excludable offense" of trafficking in fentanyl. Appendix A at ¶ 8.

### III. **ORDER**

For all the reasons detailed herein, the "Defendant's Emergency Motion to Reconsider Pretrial Release on Conditions Based on Changed Circumstances and COVID-19 Pandemic" (Docket No. 109) is DENIED.

                                             / s / Judith Gail Dein
                                             JUDITH GAIL DEIN
                                             UNITED STATES MAGISTRATE JUDGE